UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THEODORE TOBIAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 21-11736-FDS |
| FREDERICK SMITH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION
TO DISMISS AND PLAINTIFF'S MOTIONS TO AMEND**

**SAYLOR, C.J.**

This is a case about a lost FedEx package. *Pro se* plaintiff Theodore Tobias has sued Frederick Smith, founder and chief executive officer of FedEx Corporation, alleging that FedEx Ground negligently lost or stole a package sent to his house. The complaint seeks $200 billion in damages and appears to assert claims for breach of contract, negligence, larceny, theft, and violations of Mass. Gen. Laws ch. 93A.

Smith has moved to dismiss the complaint on different grounds, including lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), failure to state a claim under Fed. R. Civ. P. 12(b)(6), and preemption by the Carmack Amendment, 49 U.S.C. § 14706 *et seq*. Tobias has subsequently filed several motions to amend the complaint. For the following reasons, the motion to dismiss will be granted and the motions to amend will be denied.

**I.    Background**

**A.    Factual Background**

The following facts are set forth as alleged in the complaint.

Theodore Tobias is a resident of Quincy, Massachusetts. (Compl. at 3).[1] Frederick Smith is the chief executive officer of FedEx Corporation and a resident of Memphis, Tennessee. (*Id.*).[2]

FedEx allegedly informed Tobias that a package was shipped to him on February 22, 2018, at his address of 79 Berrios Hill Road in Windsor, Connecticut. (*Id.* at 4, 7).[3] That package was apparently never delivered. (*Id.* at 7). Tobias subsequently filed a claim with FedEx on February 26. (*Id.*). According to the claim form, the lost package contained "original writings" and a "McDonalds Prototype (modified)." (*Id.*). The claim form included a declared value of $1,000 and a merchandise value of $200 billion. (*Id.*).[4] He wrote in the "customer remarks" section that a "Driver FedEx worker at 11:44 a.m. ran away, pulled off (put this receipt on my door)." (*Id.*).

On March 9, Tobias called the police about that incident. (*Id.* at 4). He informed them that on February 26 at 11:44 a.m., a FedEx driver ran away with his package and put a FedEx Ground receipt on his door. (*Id.* at 4, 8). He told the police that he believed that the FedEx driver stole his package. (*Id.* at 5, 8).

On March 13, he reported the incident again by filing a claim with the Cargo Claims Department at FedEx. (*Id.* at 4). He contends that despite FedEx's instructions stating that "most claims will normally be resolved in 5 to 7 business days," he has not received a response

---

[1] The allegations in the complaint are not labeled consistently, and therefore the Court will cite to the relevant ECF page numbers for clarity.

[2] The complaint does not distinguish between FedEx Corporation, a holding company, and FedEx Ground, the entity that allegedly handled Tobias's package.

[3] It is unclear from the complaint whether Tobias has separate addresses in Quincy, Massachusetts, and Windsor, Connecticut.

[4] To support the value claimed for those "original writings," he has attached a letter from a representative at Apple, Inc., stating that Apple was returning materials that Tobias sent because it was Apple's policy not to accept "outside submissions of product ideas for any purpose." (Compl. at 5, 14).

from FedEx's Cargo Claims Department or Smith in more than three years. (*Id.* at 4, 12).[5]

### B. Procedural Background

This case was originally filed in Massachusetts state court. On October 25, 2021, Smith removed the matter to this Court.

The complaint appears to allege several claims, including breach of contract (arising from the purported breach of FedEx's money-back guarantee), negligence, larceny, theft, and violations of Mass. Gen. Laws ch. 93A. (Compl. at 5-6).

Smith has moved to dismiss the complaint on different grounds, including lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), failure to state a claim under Fed. R. Civ. P. 12(b)(6), and preemption by the Carmack Amendment, 49 U.S.C. § 14706 *et seq*. Tobias has subsequently filed several motions to amend the complaint, which Smith has opposed.

## II. Motion to Dismiss

### A. Personal Jurisdiction

Defendant first contends that the complaint must be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

A plaintiff bears the burden of establishing that the court has personal jurisdiction over a defendant. *See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(2), the court may use several standards to assess whether a plaintiff has carried that burden: the "*prima facie*" standard, the "preponderance of the evidence" standard, or the "likelihood" standard. *See id.* at 50-51, 51 n.5; *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145-46 (1st Cir. 1995). Where, as here, the court is called to make that assessment without first holding an

---

[5] Tobias has also attached several photographs to the complaint, the relevance of which is unclear.

evidentiary hearing, the *prima facie* standard is applied.  *See United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001).

Under that standard, the court takes the plaintiff's "properly documented evidentiary proffers as true and construe[s] them in the light most favorable to [the plaintiff's] jurisdictional claim."  *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016) (citing *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008)).  The plaintiff may not "rely on unsupported allegations in its pleadings."  *Id.* (quoting *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 134 (1st Cir. 2006)) (internal alteration omitted).  Instead, the plaintiff "must put forward 'evidence of specific facts' to demonstrate that jurisdiction exists."  *Id.* (quoting *Foster-Miller*, 46 F.3d at 145).  Facts offered by the defendant "become part of the mix only to the extent that they are uncontradicted."  *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009) (quoting *Adelson v. Hananel*, 510 F.3d 43, 48 (1st Cir. 2007)).

The exercise of personal jurisdiction over a defendant must be authorized by statute and consistent with the due-process requirements of the United States Constitution.  *See A Corp.*, 812 F.3d at 58 (citing *Daynard*, 290 F.3d at 52).  Consistent with those requirements, a court may exercise either general or specific jurisdiction.  *See Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 35 (1st Cir. 2016).

> Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities.  General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.

*Swiss Am. Bank*, 274 F.3d at 618 (internal citations and quotation marks omitted).

### 1. **General Jurisdiction**

As to general jurisdiction, the "paradigm forum" for an individual is his domicile.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).  Here, the

complaint alleges that defendant lives in Memphis, Tennessee. (Compl. at 3). It does not otherwise allege any "continuous and systematic activity" by defendant in Massachusetts such that the exercise of general jurisdiction over him would comport with federal due-process demands. Accordingly, the Court may not exercise general jurisdiction over defendant.

### 2. Specific Jurisdiction

As to specific jurisdiction, due process requires that a plaintiff establish three conditions:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must be reasonable.

*Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016) (quoting *Phillips*, 530 F.3d at 27) (internal alteration omitted).

First, plaintiff's claims must arise out of, or relate to, defendant's forum-state activities. *See id*. Here, the complaint does not identify that defendant engaged in any activities or contacts in Massachusetts at all. Plaintiff's claims all arise out of, or relate to, events that took place in Connecticut with the missing or stolen package. Defendant did not participate in those events in any way. Therefore, plaintiff has failed to show that his claims arise out of, or relate to, defendant's activities in Massachusetts.

Because plaintiff has not satisfied the relatedness prong, the Court need not consider whether defendant purposely availed himself of the forum state or whether the exercise of specific jurisdiction would be reasonable. *See Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 288 (1st Cir. 1999) ("An affirmative finding on each of the three elements of the

test is required to support a finding of specific jurisdiction.").[6]

Accordingly, the exercise of personal jurisdiction over defendant would not comport with due process. The Court will therefore grant defendant's motion to dismiss.[7]

## III.     Motions to Amend

Plaintiff has filed two motions that, in substance, seek leave to amend the complaint. The first is a "motion to change captions," in which plaintiff seeks to name FedEx Corporation, FedEx Ground Corporation, and Federal Express Corporation as defendants.[8] The second is a motion to amend. The proposed amended complaints appear to add the corporate defendants as well as attach additional documents.[9]

Under Rule 15(a), a party may amend a pleading without leave of court in certain relatively narrow circumstances. Fed. R. Civ. P. 15(a). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, amendments may be denied on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

---

[6] In some circumstances, the First Circuit's "sliding scale" approach to specific jurisdiction may allow a plaintiff to overcome a weaker showing of relatedness and purposefulness with a stronger showing of reasonableness. *See Brown v. Dash*, 2020 WL 6806433, at *8 (D. Mass. Nov. 18, 2020) (citing *Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 717 (1st Cir. 1996)). Here, however, plaintiff has failed to muster even a weak showing of relatedness.

[7] Because the exercise of personal jurisdiction over defendant would not satisfy due process, the Court need not consider whether personal jurisdiction is appropriate under the potentially "more restrictive" Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3. *See A Corp.*, 812 F.3d at 59.

[8] Defendant contends that FedEx Ground Corporation is not a legal entity at all; the proper designation is apparently FedEx Ground Package System, Inc. (*See* Def. Opp'n Mot. Change Caption at 3, 7).

[9] Plaintiff also failed to comply with Local Rule 15.1, which requires that a "party moving to amend a pleading to add a new party shall serve, in the manner contemplated by Fed. R. Civ. P. 5(b), the motion to amend upon the proposed new party at least 14 days in advance of filing the motion, together with a separate document stating the date on which the motion will be filed. A motion to amend a pleading to add a new party shall be accompanied by a certificate stating that it has been served in advance on the new party as required by this rule." "Compliance with local rules of procedure is mandatory, even for *pro se* parties." *Monahan v. Sabatis*, 2014 WL 12703711, at *2 (D. Mass. Dec. 16, 2014).

prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court does not have to "mindlessly grant every request for leave to amend. When a proffered amendment . . . would be an exercise in futility, or otherwise would serve no useful purpose, the district court need not allow it." *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006).

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). The court must review a proposed amended complaint for futility under the "standard [that] applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006).

### A. Preemption by Carmack Amendment

Defendant contends that allowing plaintiff to amend his complaint would be futile because his claims are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 *et seq.*

The Court will consider that argument under the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Field v. Napolitano*, 663 F.3d 505, 508 (1st Cir. 2011) (applying Rule 12(b)(6) standard when considering motion to dismiss on grounds of preemption); *Burrill v. XPO Logistics Freight, Inc.*, 2019 WL 6134391, at *1 (D.N.H. Nov. 19, 2019) (considering preemption under Carmack Amendment pursuant to Rule 12(b)(6)).

The Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, states in relevant part:

> A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service . . . are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury

7

to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States . . . .

"[T]he principal purpose of the Amendment was to achieve national uniformity in the liability assigned to carriers." *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 504 (1st Cir. 1997). "The preemptive effect of the Carmack Amendment over state law governing damages for the loss or damage of goods has been reiterated by the Supreme Court in many cases and is well established." *Id.* "Preempted state law claims, therefore, include all liability stemming from damage or loss of goods, liability stemming from the claims process, and liability related to the payment of claims." *Id.* at 506.

There are cases suggesting that FedEx, as an air carrier, is not subject to the Carmack Amendment. *See Kemper Ins. Co. v. Fed. Exp. Corp.*, 252 F.3d 509, 514 n.5 (1st Cir. 2001) ("We note, however, that there is significant precedent indicating that the Carmack Amendment simply does not apply to an air carrier such as FedEx"). Here, however, it would appear that plaintiff's package was processed and allegedly stolen by FedEx Ground Package System, Inc., because the complaint asserts that plaintiff received a FedEx Ground door tag. The Eleventh Circuit has applied the Carmack Amendment to FedEx Ground Package System, Inc., as a proper "carrier." *See Skanes v. FedEx*, 734 Fed. App'x 671 (11th Cir. 2018) (per curiam); *see also Soto v. FedEx Exp. Corp.*, 2009 WL 2146600, at *1 (S.D.N.Y. July 17, 2009) ("Plaintiff's claims as to the third letter, which he sent by FedEx Ground, are governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706(c)(1)(A), which permits carriers to limit their liability for loss of goods or other damages."); *Crypto Crane, LLC v. FedEx Ground Package Sys., Inc.*, 2018 WL 6816104, at *2 (E.D. Mich. Nov. 7, 2018) (asserting that FedEx Ground Package System, Inc. was common carrier of goods under Carmack Amendment).

The proposed amended complaints assert state-law claims for breach of contract,

negligence, larceny, theft, and violations of Mass. Gen. Laws ch. 93A. Those claims all stem from the loss of goods and the claims process, and the sole injury asserted is the loss of property.[10] Such claims would be preempted by the Carmack Amendment. *See Rini*, 104 F.3d at 506-07 (holding that Carmack Amendment preempted state-law claims of negligence, misrepresentation, and Chapter 93A); *Burrill*, 2019 WL 6134391, at *3-4 (granting motion to dismiss on preemption grounds for consumer-protection claim); *Noble v. Wheaton Van Lines*, 2010 WL 3245421, at *6-7 (D. Mass. Aug. 17, 2010) (finding breach-of-contract claim preempted by Carmack Amendment).

The requested amendments to the complaint would therefore be futile, and will be denied. The Court will therefore deny plaintiff's motions to amend.

## IV.   Conclusion

For the foregoing reasons, defendant's motion to dismiss (Docket No. 7) is GRANTED and plaintiff's motion to change captions (Docket No. 9) and motion to amend the complaint (Docket No. 12) are DENIED.

**So Ordered.**

Dated: April 15, 2022

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court

---

[10] The First Circuit has held that the Carmack Amendment does not preempt "state law claims for injuries that are separate and distinct from [ ] loss or damage" to goods, such as intentional infliction of emotional distress. *See Rini*, 104 F.3d at 506-07. However, that issue is not presented here.